CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

April 08, 2026

LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| RANDY C. JONES, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:24-cv-00836 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| BLUE RIDGE REGIONAL JAIL, *et al.*, | ) | By:    Hon. Thomas T. Cullen |
| | ) | United States District Judge |
| Defendants. | ) | |

Plaintiff Randy C. Jones, proceeding *pro se*, filed this action under 42 U.S.C. § 1983 against Defendants Blue Ridge Regional Jail ("BRRJ") and Nurse Teresa Jones. (*See* Am. Compl. [ECF No. 5].) He alleges that Defendants failed to provide him with proper medical treatment after his thumb was shut in a door and that their failure caused Plaintiff pain and the loss of mobility in his thumb. (*See id.*) This matter is before the court on BRRJ's motion to dismiss. (Mot. to Dismiss [ECF No. 26].) For the following reasons, the court will grant the motion and dismiss Plaintiff's claims against BRRJ.

**I.**

Plaintiff's claims stem from the following allegations. On August 30, 2024, Plaintiff's thumb was accidentally shut in a door. (Am. Compl. 3.) On September 3, 2024, x-rays were taken by Blue Ridge Jail medical LADC.[1] (*Id.*) The next day, while medications were being passed out, Plaintiff asked nonparty Nurse Stanley about the prognosis for his thumb. (*Id.*)

---

[1] Plaintiff uses this acronym in his amended complaint, but does not define it. (*See* Am. Compl. 1, 3.)

Stanley responded that Plaintiff's thumb was "definitely broke[n]" and that he would be seen by an outside orthopedic doctor. (*Id.*)

That same day, Plaintiff sent a request form to the BRRJ medical department asking when he would receive proper medical attention for his thumb. (*Id.*) The following day, September 5, 2024, Plaintiff received a response to his request from Defendant Nurse Teresa Jones. (*Id.*) In her response, Nurse Jones stated, "Mr. Jones your thumb is <u>not</u> broken, you will see ortho when appt. is available." (*Id.*)

Plaintiff was transported to and seen by an outside orthopedic doctor on September 18, 2024. (*Id.*) The doctor took more x-rays and told Plaintiff that his thumb was, in fact, broken and was "out of place." (*Id.*) He offered Plaintiff three options moving forward: Plaintiff could have surgery, the doctor could put a pin in Plaintiff's thumb, or they could leave the thumb as is. (*Id.*) Plaintiff opted to have surgery. (*Id.*) The orthopedic doctor also told Plaintiff that, if Blue Ridge Jail LADC medical would have provided medical attention in a timely manner, surgery could have been avoided. (*Id.*)

On September 23, 2024, Plaintiff was placed in medical segregation until he could be seen by a surgeon at the University of Virginia ("UVA"). (*Id.*) On October 16, 2024, Plaintiff met with the UVA surgeon and received additional x-rays. (*Id.*) The surgeon told Plaintiff that the break was healing in the part of his thumb that was out of place and this is why he could not bend his thumb. (*Id.*) The surgeon asked Plaintiff when his cast or splint had been removed, and Plaintiff explained that he had never received a cast or a splint. (*Id.*) Instead, Plaintiff only received x-rays and ibuprofen for pain. (*Id.*) The surgeon told Plaintiff that because the thumb was healing as it was, there was nothing she could do. (*Id.* at 4.) The surgeon

ultimately referred Plaintiff to a hand therapist who gave Plaintiff some advice and hand motions he could do to improve the use of his thumb. (*Id.*)

Plaintiff was cleared and released from medical segregation the next day on October 17, 2024. (*Id.*) At the time he filed his amended complaint on December 16, 2024, he was still unable to use his thumb and was still experiencing pain. (*Id.*) Plaintiff seeks compensatory and punitive damages based on the failure of Defendants to provide him with proper medical treatment. (*Id.* at 4–5.)

BRRJ has moved to dismiss Plaintiff's claims against it under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim for which relief may be granted. (*See* Mot. to Dismiss.) BRRJ's motion is ripe for review.

## II.

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint. *Occupy Columbia v. Haley*, 738 F.3d 107, 116 To survive such a motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To be "plausible," a plaintiff's claim must be supported by factual allegations sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Although this "plausibility" standard is not akin to "probability," it does require "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). Instead, the complaint must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent

with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quoting *Twombly*, 550 U.S. at 557).

"In deciding whether a complaint will survive a motion to dismiss, a court evaluates the complaint in its entirety, as well as documents attached or incorporated into the complaint." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 448 (4th Cir. 2011) (citations omitted). Additionally, the court "must accept as true all of the factual allegations contained in the complaint and draw all reasonable inferences in favor of the plaintiff." *Hall v. DIRECTV, LLC*, 846 F.3d 757, 765 (4th Cir. 2017) (citations omitted). "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief' as required by Rule 8." *Iqbal*, 556 U.S. at 679 (cleaned up).

### III.

Plaintiff's claims arise under 42 U.S.C. § 1983, which authorizes a civil action by a citizen who is deprived of "any rights, privileges, or immunities secured by the Constitution and laws" of the United States by a person acting under color of state law. To state a claim under § 1983, a plaintiff must allege both (1) "the violation of a right secured by the Constitution and laws of the United States" and (2) "that the alleged deprivation was committed by a person acting under color of state law." *Crosby v. City of Gastonia*, 635 F.3d 634, 639 (4th Cir. 2011) (quoting *West v. Atkins,* 487 U.S. 42, 48 (1988)).

BRRJ moves to dismiss Plaintiff's claim against it on the grounds that it is not an entity subject to suit under § 1983 and that, even if Plaintiff had sued the proper entity, his allegations do not state a viable claim for relief. (Memo. in Supp. of Mot. to Dismiss 3–4 [ECF No. 27].)

BRRJ is correct that a jail is not a "person" subject to suit under § 1983. *See Perdue v. Penalosa*, 38 F.3d 1213, 1213 (4th Cir. 1994). And though a legal entity that operates a jail may be a proper defendant in some circumstances, *e.g.*, *Hixson v. Hutcheson*, Nos. 5:17-cv-00032, 5:18-cv-00001, 2018 WL 3715763, at *7 (W.D. Va. Aug. 3, 2018), Plaintiff has not alleged facts showing such circumstances exist here.

To impose § 1983 liability on a jail authority, Plaintiff must show that "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by [the jail authority's] officers." *Miller v. Sw. Virginia Reg'l Jail Auth. - Duffield Facility*, No. 7:21CV00010, 2021 WL 1606469, at *1 (W.D. Va. Apr. 26, 2021) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978)). Plaintiff must show that "a policy promulgated by [the jail authority] was 'the moving force' behind the alleged violation of his rights" such that its policy or custom "played a part in the alleged violation of federal law." *Id.* (citing *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981); *Oklahoma City v. Tuttle*, 471 U.S. 808, 817–18 (1985)). "To survive a motion to dismiss, a plaintiff must plausibly allege (1) the existence of an official policy or custom, (2) that is fairly attributable to the municipal entity, and (3) proximately caused the underlying constitutional violation." *Kiser v. SWVRJA*, No. 7:16-CV-00129, 2016 WL 4987177, at *1 (W.D. Va. Sept. 15, 2016) (citing *Jordan ex rel. Jordan v. Jackson*, 15 F.3d 333, 338 (4th Cir. 1994)).

"Municipal policy can be found in written ordinances and regulations, affirmative decisions of policymaking officials, or omissions by policymaking officials that manifest deliberate indifference to the rights of citizens." *Id.* (citing *Carter v. Morris*, 164 F.3d 215, 218 (4th Cir. 1999)). Additionally, an entity's "policy" may include "practices so persistent and

widespread as to practically have the force of law." *Connick v. Thompson*, 563 U.S. 51, 61 (2011). But "the duration and frequency of the officers' unconstitutional conduct must indicate that supervisory officials of the entity being sued '(1) had actual or constructive knowledge of the conduct and (2) failed to correct it due to their 'deliberate indifference.'" *Sparks v. Sw. Va. Reg'l Jail Auth.*, No. 7:23-CV-00575, 2025 WL 543189, at *3 (W.D. Va. Feb. 19, 2025) (quoting *Owens v. Balt. City State's Att'ys Off.*, 767 F.3d 379, 402 (4th Cir. 2014)). "Sporadic or isolated violations of rights will not give rise to *Monell* liability; only 'widespread or flagrant' violations will." *Id.* (quoting *Owens*, 767 F.3d at 403).

In his complaint, Plaintiff does not allege that any policy or custom of the authority that runs BRRJ was the moving force behind a violation of his constitutional rights. Accordingly, Plaintiff has not stated a plausible § 1983 claim against BRRJ or the jail authority that operates it.

## IV.

For the reasons set forth above, the court will grant BRRJ's motion to dismiss and dismiss Plaintiff's claims against BRRJ.

The Clerk is directed to send a copy of this Memorandum Opinion and the accompanying Order to the parties.

**ENTERED** this 8th day of April, 2026.

/s/ Thomas T. Cullen
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE

- 6 -